SUSSEX *v.* FARRAND.

Frauds, Statute of—Boundaries.
   Written agreement establishing boundary line is not within
   statute of frauds, and therefore is enforceable although noth-
   ing has been done in pursuance thereof, such as building fences
   or performing some other act which would be necessary to
   take parol agreement out of statute (3 Comp. Laws 1929,
   § 13411).

Appeal from Jackson; Simpson (John), J. Sub-
mitted October 28, 1932. (Docket No. 10, Calendar
No. 35,886.) Decided December 6, 1932.

Ejectment by Henry W. Sussex and another
against Everett L. Farrand and another. Judg-
ment for plaintiffs. Defendants appeal. Affirmed.

*James J. Noon* and *H. A. Kinch,* for plaintiffs.

*John A. Dahlem,* for defendants.

POTTER, J. Plaintiffs sued defendants in eject-
ment, basing their right to recover upon a written
agreement made and entered into as follows:

"This agreement, made this 9th day of Novem-
ber, A. D. 1906, between Mary J. Farrand of the
first part and Henry Sussex of the second part, both
of Jackson, Michigan.

"Whereas, the said parties own land adjoining
each other; and

"Whereas, the said Sussex owns the west half of
lot six, block two north, range two west, of Jackson,
Michigan; and the said Mary J. Farrand owns land
adjoining said lot on the west; and

"Whereas, it is alleged that the said Sussex has
encroached upon lands of Mary J. Farrand; and

"Whereas, heretofore a suit was brought by Mary J. Farrand against the said Henry Sussex for trespass upon her lands; and

"Whereas, the said parties have agreed upon a plan to settle the dispute as to the boundary line between themselves, and discontinue the suit;

"It is agreed as follows: That the said parties hereto will build a fence commencing at the northwest corner of said Sussex' barn, running thence northerly on a line that at the sidewalk on the street is six and one-half inches more or less westerly from the west line of said lot six as surveyed by J. C. Riley.

"It is further agreed that said fence shall be built by above parties hereto, each sharing one-half of the expense, and shall run northerly about half way to the street line and at such height as Sussex shall desire.

"It is further agreed that beginning at the northerly point where said fence is built, that said parties hereto shall have constructed a cement curbing, to be 18 inches high, which shall run on the line of said fence and that said curbing shall end at a point six feet south of the southerly line of the sidewalk as now laid.

"It is further agreed and understood that each party hereto shall have the right to use so much of the land lying north of the end of said curbing as shall be necessary for each of them to enter their own premises, and that each shall have a perpetual right to enter their respective premises but shall not encroach upon the land of the other that lies south of the end of said curbing to be built;

"It is further agreed that if either party shall rebuild their barn, such barn shall be built in such a manner as to separate such barn at least two feet from the barn of the other party. Each party agrees to take such measures as shall be necessary to prevent the water from the roof of his or her

barn running upon or into the barn or land of the other party;

"It is further agreed that either party hereto may at their option build said fence and cement curbing, and upon proper proof of the cost of the same the other will pay his or her share of the expense.

"This agreement is made for the purpose of settling the dispute as to the boundary line, between the parties hereto;

"And it is further agreed that the suit heretofore begun in justice court and appealed to the circuit court shall be discontinued without cost to either party;

"This agreement made in duplicate.
                              "MARY J. FARRAND.
                              "HENRY W. SUSSEX."

There was judgment for plaintiffs, and defendants appeal. Many cases are cited by appellant tending to show a parol agreement establishing a boundary line is not good unless something is done by the parties in pursuance of such agreement, such as continually occupying the disputed strip, building fences, or performing some other act which will take the parol agreement out of the statute of frauds (3 Comp. Laws 1929, § 13411) and entitle the parties to enforce it upon the ground that though it is a parol contract it has been carried out and performed and is therefore not affected by the statute of frauds; but in this case the contract sued upon is in writing, is not within the statute of frauds, and the cases cited and relied upon by appellants have no application. *Hayes* v. *Livingston*, 34 Mich. 384, 387 (22 Am. Rep. 533), 9 C. J. p. 235. We discover no error.

Judgment affirmed, with costs.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.